# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MINDY FOLK, BY AND THROUGH HER NEXT FRIEND, DEBORAH J. FOLK; | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18 -03142-CV-S-SWH |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Pending before this Court is Plaintiff's Motion to Remand Entire Case or, Alternatively, to Sever and Remand Certain Claims (doc. #7). Plaintiff's petition asserts four claims: a claim under the Federal Debt Collection Practices Act (hereafter "FDCPA") and three state law claims for malicious prosecution, abuse of process, and fraud. (Doc. #1-1) Plaintiff argues that while this Court has jurisdiction over the FDCPA claims, it does not have subject matter jurisdiction over the state law claims for malicious prosecution, abuse of process and fraud. (Doc. #7, at 2; doc. #8, at 1) Plaintiff, therefore, asks that this Court remand the entire matter to the Circuit Court of Greene County, Missouri or, alternatively, that the Court sever the state law claims from the FDCPA claim and remand the state law claims to the state court. (Doc. #7, at 2)

In support of the claim that the Court lacks subject matter jurisdiction, plaintiff cites Finley v. United States, 490 U.S. 545, 552, 109 S. Ct. 2003, 104 L.Ed.2d 593 (1989). (Doc. #8, at 2) In support of the severance request, plaintiff relies on 28 U.S.C. §1441(c), arguing that this provision

1

mandates the severance of claims not within the original jurisdiction of the district court. (Doc. #7, at 2)

In response, defendant opposes plaintiff's request contending that this Court has subject matter jurisdiction pursuant to the supplemental jurisdiction statute, 28 U.S.C. §1367(a). Defendant further argues that supplemental jurisdiction exists in this case because the state law claims are so related with the FDCPA claim that together "they form part of the same case or controversy[.]" (Doc. #10, at 2) (citing Brown v. Mortg. Elec. Registration Sys., Inc., 738 F.3d 926, 933 (8th Cir. 2013).

Finley v. U.S., 490 U.S. 545 (1989)[1] is no longer good law as Congress responded to the decision in Finley by enacting the supplemental jurisdiction statute, 28 U.S.C. §1367. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3523 (3d ed.). The supplemental jurisdiction statute states that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). In determining whether claims are so related that they form part of the same case or controversy courts look to whether the claims "derive from a common nucleus of operative facts." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165, 118 S. Ct. 523, 530, 139 L. Ed. 2d 525 (1997) (internal quotations omitted).

---

[1] It should also be noted that Finley involved the issue of pendent party jurisdiction—whether a federal court could assert jurisdiction over parties to a state claim that were not parties to the federal claim. The Supreme Court affirming the Ninth Circuit ruling rejected pendent party jurisdiction; a decision overturned by a subsequently enacted statute. However, even prior to the adoption of the supplemental jurisdiction statute, it was well settled that a federal court could exert jurisdiction over pendent state claims where the relationship between the federal and state claims was such that the entire action was really one claim. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This is a case involving related claims not related parties so Finley would have had no application, even had it not been superseded by statute.

Plaintiff's allegations stem from a lawsuit defendant filed against her, which defendant dismissed five months after it was filed. (Doc. #1-2, at ¶¶6-7)  Prior to the lawsuit being filed, plaintiff alleges that the defendant was informed that plaintiff, Mindy Folk, suffered a brain injury and has been disabled since birth.[2] (Doc. #1-2, at ¶¶4)  Further, in the case pending in this Court, it is alleged that as part of the lawsuit brought by defendant against Mindy Folk an employee of the defendant executed an affidavit stating that the plaintiff was not an incompetent individual. (Doc. #1-2, at ¶5)  Plaintiff's claim under the FDCPA stems from the execution and filing of the affidavit in the previous lawsuit. (Doc. #1-2, at ¶¶8-12)  The malicious prosecution claim stems from the filing of the previous lawsuit. (Doc. #1-2, at ¶¶13-17)  The abuse of process claim stems from filing the lawsuit, having a summons issued in the lawsuit and pursuing the lawsuit. (Doc. #1-2, at ¶¶18-22)  Finally, the fraud claim stems from the employee's creation and execution of the affidavit concerning plaintiff's competency which was submitted in the previous lawsuit. (Doc. #1-2, at ¶¶23-27)  Therefore, all claims, federal and state, stem from actions alleged to have been taken by defendant in connection with the previous lawsuit against Mindy Folk.

This Court has original jurisdiction over the claim brought under the FDCPA pursuant to 28 U.S.C. §1331.  Because the remaining state law claims are part of the same case or controversy, this Court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. §1367.

Plaintiff, nevertheless, asks that this Court decline supplemental jurisdiction pursuant to 28 U.S.C. §1367(c)(i)-(4).  Section (c) of the supplemental jurisdiction statute states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

---
[2] Deborah J. Folk, Mindy's mother, is serving as Mindy's next friend.

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Plaintiff has not specified which of these enumerated grounds it is relying on in urging the Court to decline supplemental jurisdiction, and it is not apparent from the information before the Court that any of these grounds are applicable. Therefore, this Court denies plaintiff's request to remand the state law claims to the Circuit Court of Greene County pursuant to 28 U.S.C. §1367(c).

Finally, plaintiff asks that this Court sever the state law claims pursuant to 28 U.S.C. §1441(c). (Doc. #7, at 2) Plaintiff's reliance on section 1441 is misplaced as the court has supplemental jurisdiction. Section 1441(c) only applies if the court has neither original nor supplemental jurisdiction or involves a claim which is nonremovable by statute. 28 U.S.C. §1441(c)(1)(B).

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Remand Entire Case or, Alternatively, to Sever and Remand Certain Claims (doc. #7) is DENIED.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE